**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3693-18T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

VASILIO KOUTSOGIANNIS,
a/k/a VASILIO KOUTSGIANNIS,
VASILIO KOUTSOGIANNIA,
VASILLIO KOUTSOGIANNIS,
VISILIO KOUTSOGIANNIS,
and VEE,

    Defendant-Appellant.

---

Submitted September 21, 2020 – Decided October 21, 2020

Before Judges Currier and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment Nos. 13-06-1400 and 13-07-1902.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven E. Braun, Designated Counsel, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel; William Kyle Meighan, Senior Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Vasilio Koutsogiannis appeals from the denial of his petition for post-conviction relief (PCR), contending trial and appellate counsel were ineffective and the PCR court improperly denied his petition without an evidentiary hearing. We affirm.

In January 2013, defendant was involved in a single-car accident in which he struck a telephone pole. He was transported to the hospital for medical treatment. During the transport, an emergency medical technician discovered a small bag of what would later be identified as marijuana inside defendant's right boot. The police later recovered this bag of marijuana from the hospital. Later, while defendant was still being treated, a nursing supervisor found a small cellophane wrapper inside a pack of cigarettes that contained cocaine. The bag was also turned over to police.

Defendant was charged in an indictment with a single count of third-degree possession of a controlled dangerous substance (CDS) in violation of N.J.S.A. 2C:35-10(a)(1).

In March 2013, Tyler Miles contacted the Ocean Township Police Department and reported he was robbed at gunpoint by two individuals during a drug transaction which occurred in the assailants' car. Miles provided officers with a physical description of his assailants, as well as the license plate number and description of the vehicle. This information led to the arrest of defendant and his sister.

Thereafter, defendant was charged in a second indictment with: (1) first-degree robbery in violation of N.J.S.A. 2C:15-1 (count one); (2) second-degree possession of a weapon for an unlawful purpose in violation of N.J.S.A. 2C:39-4(a) (count two); (3) third-degree unlawful possession of a weapon in violation of N.J.S.A. 2C:58-4 and N.J.S.A. 2C:39-5(b) (count three); (4) fourth-degree aggravated assault in violation of N.J.S.A. 2C:12-1(b)(4) (count four); (5) third-degree possession of a CDS in violation of N.J.S.A. 2C:35-10(a)(1) (count five); and (6) second-degree possession of a firearm by a convicted person in violation of N.J.S.A. 2C:39-7(b) (count six).

On February 6, 2015, defendant pled guilty to count one of the second indictment, amended to a charge of second-degree robbery. On the same day, defendant also pled guilty to count one of the first indictment, a charge of third-degree possession of a CDS. Under the plea agreement, the State sought a

sentence of seven years' incarceration, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, for the robbery charge with a concurrent sentence of four years flat for the CDS charge. The State agreed to dismiss the remaining charges.

During the plea hearing, the judge advised defendant not to hesitate to ask the court if he had any questions. Defendant responded that he wished to plead "no contest" so his plea could not be "used against [him] at any further civil proceedings." The judge informed defendant that "a no contest plea is not available in New Jersey[,]" but defendant might be entitled to have the plea marked inadmissible in a civil proceeding upon a showing of good cause. The judge further advised defendant that even if he granted a civil reservation, "the factual basis and the information that is provided in discovery . . . will be available" in a civil suit.

Defendant told the judge he was a plaintiff in a civil suit alleging claims against the police officers who arrested him in connection with the robbery charges and he wanted to prevent his guilty plea from being used against him as a defense. The judge stated he would rule on defendant's request at the sentencing hearing. The judge permitted defendant to submit a letter brief before sentencing to demonstrate good cause for the civil reservation.

The plea judge asked defendant if he understood the plea bargain. Defendant indicated that he understood the charges to which he was pleading guilty, as well as the sentence he was likely to receive. Defendant also asserted that no further promises were made to persuade him to plead guilty and that no one forced, threatened, or otherwise coerced his guilty plea. The judge then directed plea counsel to elicit a factual basis for defendant's plea.

The following colloquy took place during the discussion of the CDS charge:

> [PLEA COUNSEL]: And on that date you were in possession of a controlled dangerous substance, what they call a CDS, correct?
>
> [DEFENDANT]: Correct.
>
> [PLEA COUNSEL]: Namely, that CDS being cocaine, correct?
>
> [DEFENDANT]: Correct.
>
> [PLEA COUNSEL]: And you understand that that Schedule II drug is illegal to possess correct?
>
> [DEFENDANT]: Correct.

When plea counsel asked defendant if he wished to plead guilty to possession of the cocaine, defendant responded:

> What was -- I mean, to be honest with the Court, I don't recollect anything after that car accident. But they

claim to have found a very small amount of some type of substance on me. And I've had no opportunity really to go into this case. I wasn't presented with anything. It was -- everything was focused on, you know, another indictment. And at the last second this got brought to my attention. So I've done no -- From my recollection and from what I understand, they found a small amount of CDS in the vehicle after the car accident. I was in trauma for a week. I don't remember barely any of that incident. And they claim to have found it. So if indeed they found it in the vehicle, it may have been there. I'm not disputing the fact.

Plea counsel reaffirmed the voluntary nature of the plea and again asked defendant, "you are in fact pleading guilty to possession of the cocaine on [January 6, 2013] within the Township, correct?" Defendant responded affirmatively.

The plea judge asked defendant whether he had the opportunity to review discovery related to the CDS charge. Defendant asserted he had reviewed only "partial discovery." The judge then asked counsel if he had provided defendant with all of the discovery and discussed it with him. Counsel responded that he had forwarded all of the discovery to defendant and met with him in the jail on several occasions to discuss the investigation and discovery materials on all of the charges.

Thereafter, defendant confirmed he had received the discovery and had the opportunity to review it, stating "I was -- I was provided, yes. with this –

information. . . ." Defendant indicated he was under the impression that the CDS charge was going to be dismissed and therefore did not "channel all [his] energy and resource into it."

The judge advised he would not accept a guilty plea until defendant had an opportunity to review discovery, understood what he was pleading guilty to, and asked his attorney questions. Defendant said he only had "one major issue" relating to the CDS charge:

> [DEFENDANT]: Because, due to -- due to the fact that I was just in a serious accident and I was unconscious, there's -- from what I was told and from what I understand, they found this substance in the vehicle and it changed hands three different times before it made its way to the police officer. And I'm not -- I'm not 100 [percent] sure of, you know, who touched it; who did what. It's not available in the discovery. Which is really the only issue I have --

The judge characterized this as a "chain of custody issue" and informed defendant that such issues are generally resolved by juries rather than courts. The judge told defendant that he needed to ensure his counsel had reviewed the discovery with him and discussed all possible defenses and suppression issues before entering a guilty plea.

The judge stated further:

> Although you may not have [a] specific recollection because of the accident, you don't dispute the

7

discovery, you don't dispute that there was cocaine in the car, that they could have found it in the car. Those are the things that I'm interested in hearing from you. Even though you don't have [a] specific recollection, it's not unusual that people have accidents who are involved in situations where they don't have specific recollection but they don't dispute the discovery. They recognize that there may have been cocaine in your case or cocaine in the car and they don't dispute that they found it.

But I want to make sure that you have all the questions that you have, you have them answered before you enter a guilty plea today.

Defendant confirmed he was not disputing that there was cocaine in his car and it was found by the police, stating:

[DEFENDANT]: I don't -- Your Honor, I don't dispute the fact it was -- that there was -- I mean -- there was -- we went to Atlantic City on New Year's and there may have been -- there was a bunch of people in the car, there may have been. I'm not disputing the fact that I was in there.

THE COURT: Okay. At one point you were aware that there was cocaine in the car and you had ability to access control over it. You just weren't aware at that night that it may still have been in your car?

[DEFENDANT]: Right.

THE COURT: Is that what you're saying?

[DEFENDANT]: Right.

THE COURT: And you don't dispute the discovery that indicates that they found the cocaine in the car? You don't dispute that either?

[DEFENDANT]: No, I don't dispute that.

THE COURT: Okay. So having said that, you wish to plead guilty to that charge?

[DEFENDANT]: Yes.

THE COURT: And you are pleading guilty because you are guilty?

[DEFENDANT]: Right.

After defendant established a factual basis for the robbery charge,[1] he raised again the issue of obtaining a civil reservation. The judge reiterated that he would decide the issue at sentencing and inquired of defendant whether the civil reservation was essential to his plea. Defendant responded that the outcome of the civil reservation request did not affect his desire to plead guilty to the robbery charge. Plea counsel further clarified defendant's position when questioned by the judge:

THE COURT: All right. I just wanted to make sure that it was clear. What I'm understanding is he is pleading guilty to the charge. He wants a civil reservation. But it's -- he'll rely on whatever I decide as far as the law, won't affect his guilty plea, correct?

---

[1] Defendant does not challenge his plea to the robbery charge.

[PLEA COUNSEL]: Correct.

At the conclusion of the plea hearing, the judge found there was a factual basis to accept the plea and that "defendant had freely, knowingly, and voluntarily given up his right to trial."

In July 2015, defendant appeared before a different judge for sentencing. Defendant reaffirmed his guilty pleas and advised the court that the plea judge intended to address the civil reservation at sentencing. The court then sentenced defendant to five years in prison subject to NERA for the second-degree robbery charge and four years in prison for the third-degree CDS charge, to run concurrent with the first sentence.

Prior to the conclusion of the sentencing hearing, the judge asked defendant, "do you have any questions about your sentence, about your pleas in this case or about anything about the case?" Defendant responded, "I think it's just going to be addressed on appeal, Your Honor. I don't want to cause any more confusion."

In his direct appeal, defendant only challenged his plea on the robbery charge. We affirmed his convictions and sentence. State v. Koutsogiannis, No. A-5772-14 (App. Div. June 8, 2017) (slip op. at 2).

A-3693-18T3

In defendant's PCR petition, he raised the following arguments: (1) there was an insufficient factual basis to support his guilty plea for the CDS charge and plea counsel was ineffective for failing to review discovery and discuss possible defenses with defendant; (2) defendant was deprived of effective assistance of appellate counsel because counsel failed to raise the issue of an insufficient factual basis to support the CDS charge; and (3) the court must amend defendant's judgment of conviction to include a civil reservation.

After entertaining oral argument on the petition, the PCR judge requested defense counsel provide him with the reasons for defendant's request for a civil reservation and the status of the civil litigation.

On January 23, 2019, the PCR court issued an order and written opinion denying defendant's petition for PCR. In addressing defendant's assertion that his plea lacked an adequate factual basis, the PCR court found the claim was procedurally barred because defendant failed to raise it on direct appeal. In addition, defendant did not claim he was innocent on the CDS possession charge and therefore allegations of an insufficient factual basis alone were not enough to invalidate his conviction.

Furthermore, the judge found the ineffective assistance of plea counsel claim meritless because there was a factual basis established for the plea.

11

Defendant admitted possessing cocaine when questioned at the plea hearing, which established the elements of possession of a CDS. His contention in the PCR petition that the cocaine was found on his person also established a factual basis for the possession of CDS.

The PCR court also rejected defendant's argument that appellate counsel was ineffective for failing to assert there was an insufficient factual basis to support the CDS charge. The judge noted the record did not reflect that defendant provided a certification or affidavit directing appellate counsel to raise the argument on appeal. Moreover, defendant submitted a pro se appellate brief in which he only raised arguments related to his robbery conviction, including an argument that the robbery plea lacked a sufficient factual basis. The judge stated, "[a]ppellate counsel could not have been expected to raise a claim on the CDS indictment absent some specific direction or request by petitioner to do so, especially because the issue was not apparent on the record." The judge concluded that defendant failed to demonstrate appellate counsel's representation was deficient and if the argument had been raised on direct appeal, whether the outcome would have been different.

In considering defendant's argument that trial counsel was ineffective for failing to request a civil reservation, the PCR court found the argument was

A-3693-18T3

procedurally barred because it should have been raised on direct appeal. Nevertheless, the court addressed and rejected the claim. The court noted <u>Rule</u> 3:9-2 required a showing of good cause for the grant of a civil reservation.

The PCR court found defendant had not shown good cause. In a supplemental certification submitted to the PCR court, defense counsel informed the court that defendant had a civil rights claim pending against various police officers. But the certification failed to explain why defendant needed the civil reservation, the nature of defendant's claims, and whether the police officer defendants were seeking to use defendant's judgment of conviction against him. In addition, defendant did not provide his own certification to demonstrate there was good cause for the civil reservation. Therefore, the judge determined defendant had not established good cause for a civil reservation. The PCR petition was denied.

On appeal, defendant raises the follow points:

> I. THE DENIAL OF POST-CONVICTION RELIEF MUST BE REVERSED BECAUSE THERE WAS AN INSUFFICIENT FACTUAL BASIS TO SUPPORT THE GUILTY PLEA FOR THE POSSESSION OF A CONTROLLED DANGEROUS SUBSTANCE CHARGE
>
> II. DEFENDANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL DUE TO COUNSEL'S FAILURE TO

13

RAISE THE ISSUE OF AN INSUFFICIENT FACTUAL BASIS TO SUPPORT THE CONTROLLED DANGEROUS SUBSTANCE CHARGE

III. THIS COURT MUST REMAND THE MATTER TO ALLOW THE LAW DIVISION TO AMEND THE JUDGMENT OF CONVICTION TO INCLUDE A CIVIL RESERVATION AS TO THE CONTROLLED DANGEROUS SUBSTANCE CHARGE

The standard for determining whether trial counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984) and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-pronged test establishing both that: l) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and 2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694.

We are satisfied from our review of the record that defendant failed to demonstrate trial counsel was ineffective under the Strickland-Fritz test. We

14

affirm substantially for the reasons expressed in the PCR court's comprehensive opinion. We add only the following comments.

Defendant admitted to the plea court that he was provided with discovery from trial counsel. He did not dispute his counsel's representation that they met several times to discuss the discovery and answer any of defendant's questions. He advised the court he was pleading guilty knowingly and willingly. Defendant's choice to focus his attention on a charge in another indictment does not support his contention that trial counsel was deficient in his representation. Furthermore, defendant did not demonstrate how additional time to review discovery would have changed the outcome. He asserted to the plea judge several times that he wanted to accept the plea deal. And he received a favorable plea deal on the two charges.

There is no merit to defendant's contention that trial counsel and appellate counsel were deficient in not raising the issue of the sufficiency of the factual basis to support the CDS plea. As the PCR judge noted, defendant admitted during the plea hearing that he had cocaine in his possession, thus satisfying the elements of possession of a CDS. Therefore, as the contention lacks merit, defendant has not established appellate counsel was ineffective in failing to raise the issue on the direct appeal.

A-3693-18T3

We also are satisfied defendant has not shown good cause for the grant of a civil reservation under Rule 3:9-2. As we have stated, "The purpose of [Rule 3:9-2] is to avoid an unnecessary criminal trial of a defendant who fears that a civil claimant will later use [the defendant's] plea of guilty as a devastating admission of civil liability." Stone v. Police Dep't of Keyport, 191 N.J. Super. 554, 558 (App. Div. 1983) (emphasis added).

Here, defendant seeks to suppress the use of his guilty plea for a civil suit in which he is the plaintiff. He did not provide a certification to the PCR court to enlighten the court as to the need for the reservation nor did he indicate any party sought to use the guilty plea against him in the suit. The PCR court's denial of the civil reservation is supported by the evidence. Therefore, defendant has not established trial counsel was deficient in not pursuing the issue during the sentencing hearing.

Because defendant has not demonstrated a prima facie case of ineffective assistance of counsel, he was not entitled to an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3693-18T3